UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FB&F Entertainment, LLC | ) | CASE NO.  11-04382-BHL-11 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND ASSUMPTION AND MODIFICATION OF LEASE BETWEEN DEBTOR AND ITS PRE-PETITION LANDLORD SMC–RETAIL, LLC**

Comes now FB&F Entertainment, LLC, Debtor and debtor-in-possession (the "Debtor" or "FB&F"), by counsel, and moves the Court to issue an Order approving settlement agreement and post-petition lease between debtor and its pre-petition landlord, SMC-Retail, LLC ("SMC").  In further support of this *Emergency Motion for Order Approving Settlement Agreement and Post-Petition Lease Between Debtor and its Pre-Petition Landlord SMC-Retail, LLC* ("Emergency Motion"), the Debtor respectfully represents as follows:

**I.     BACKGROUND**

   A.     <u>The Lease</u>

   1. On or about June 5, 2009, SMC, as landlord, and FB&F, successor in interest to JBC of Indianapolis, IN, Inc. ("JBC"), as tenant, entered into a "Fifth Amendment to Lease and Assignment and Assumption" ("Lease"), which, among other things, assigned JBC's interest in the Lease to FB&F.

   2. The Debtor, by virtue of the Lease, presently occupies three (3) floors of non-residential real estate owned by SMC which consists of approximately 44,000 square feet of commercial space located at 141 South Meridian Street, Indianapolis, Indiana ("Premises").

   3. On February 24, 2011, SMC filed its Complaint and Request for Prejudgment Possession and Damages ("Complaint") in Marion County Superior Court under Cause No. 49D11-1102-PL-007076 ("State Court Proceeding") which, among other things, sought to eject FBF from the Premises.

B. <u>The Chapter 11 Filing</u>

1. On April 12, 2011 (the "Petition Date"), the Debtor filed an emergency voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business as debtor-in-possession pursuant to § §1107 (a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in this case.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 27 U.S.C. § 157 (b)(2). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. § § 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105 and 507 (a) of the Bankruptcy Code.

4. FB&F continues to operate an eclectic entertainment facility at the Premises where it offers food and beverage service, cosmic bowling, interactive video games, billiards, and accommodations for corporate events .

5. On April 15, 2011, SMC filed its Motion for Relief from Stay and Abandonment ("Motion").

6. In the Motion, SMC asserts that the Lease terminated prior to the Petition Date and therefore Debtor may not assume the Lease. Alternatively, SMC argues that the Court should terminate the stay and abandon the Premises for cause, including the lack of adequate protection, and that the Premises are burdensome to the estate or of inconsequential value and benefit to the state.

7. On May 3, 2011, SMC filed its Motion to Compel Payment of Rental Obligations and Request to Allow Administrative Expense ("Motion to Compel").

8. On May 12, 2011, SMC filed its Proof of Claim. Under it, the Landlord asserts that there has been a pre-petition default in lease payments by the Debtor in the amount of $611,937.32 ("Claim No. 5-1").

9. On May 25, 2011, Debtor filed its Objection to Claim No. 5-1 asserting that the Debtor's records do not agree with the pre-petition lease default asserted in Claim No. 5-1 by the Landlord.

2

10. A continued hearing on the Motion, Motion to Compel, and the Objection is scheduled for Friday, July 15, 2011 at 9:30 a.m. in New Albany, Indiana.

**II.    SETTLEMENT**

   A.    Term Sheet

   1. On May 25, 2011, Debtor and SMC entered into a Term Sheet which set forth terms subject to a formal settlement agreement and release that resolve the Motion, Motion to Compel, and the Objection.

   2. Under the Term Sheet, the Debtor and Landlord agreed to negotiate a new lease for the second and third floors of the Premises.

5. Further, the Term Sheet provides that possession of the first floor of the Premises is to be delivered to SMC, all as more specifically set forth in the Term Sheet.

   B.    Settlement Agreement

   1. Counsel for Debtor and SMC have reached a tentative Settlement Agreement that remains subject to final approval by the Debtor, SMC, and the Court.  A copy of the tentative Settlement Agreement is attached hereto, incorporated by reference herein, and marked Exhibit "A".

   2. Although the Settlement Agreement is not in final form, Debtor and SMC believe that the document is sufficiently complete to provide adequate notice of the proposed settlement to all parties in interest.

   3. Debtor and SMC reasonably believe that the tentative Settlement Agreement will be complete and in final form substantially similar to Exhibit A on or before July 20, 2011 and that any further revisions will not be materially adverse to the interests of the Debtor.

   4. Debtor and SMC believe that the Settlement Agreement is in the best interest of the bankruptcy estate in that it resolves the pending Motion, Motion to Compel, and Objection in a cost-effective and prompt manner while allowing Debtor to emerge from bankruptcy as a restructured going concern.

   C.    Lease

   1. Counsel for Debtor and SMC have negotiated an assumption and

3

      modification of the Debtor's pre-petition Lease for the second and third floors of the Premises ("Modified Lease") that remains subject to final approval by the Debtor, SMC, and the Court. A copy of the last draft exchanged between the parties is attached hereto, incorporated by reference herein, and marked Exhibit "B"

    2. Although the Modified Lease is not in final form, Debtor and SMC believe that the document is sufficiently complete to provide adequate notice of the proposed lease terms to all parties in interest.

    3. Debtor and SMC reasonably believe that the Modified Lease will be complete and in final form substantially similar to Exhibit B on or before July 20, 2011 and that any revisions will not be materially adverse to the interests of the Debtor.

6. Debtor and SMC believe that the assumption of the Modified Lease is in the best interest of the bankruptcy estate in that it resolves the pending Motion, Motion to Compel, and Objection in a cost-effective and prompt manner while allowing Debtor to emerge from bankruptcy as a restructured going concern or seek a dismissal of the proceedings entirely.

## III.  RELIEF REQUESTED

    A.  <u>Approval of Settlement Agreement</u>.

        1. By this Motion, the Debtor requests that this Court enter an Order, approving the Settlement Agreement in a final form to be negotiated by the Debtor and SMC and submitted to the Court on or before July 20, 2011.

        2. The Debtor respectfully submits that it is in the best interest of its estate for this Court to approve the Settlement Agreement.

    B.  <u>Approval of Modified Lease</u>

        1. By this Motion, the Debtor requests that this Court enter an Order, approving the Modified Lease in a final form to be negotiated by the Debtor and SMC and submitted to the Court on or before July 20, 2011.

        2. The Debtor respectfully submits that it is in the best interest of its estate for this Court to approve the Settlement Agreement.

    C.  <u>Expedited hearing on Approval of the Settlement Agreement and the Post-</u>

<u>Petition Lease</u>

1. Time is of the essence in obtaining approval of the Settlement Agreement and the Post-Petition Lease.

2. Debtor and SMC are presently seeking to negotiate agreements relating to a lease of the first floor of the Premises with a third party.

3. Approval of the Settlement Agreement and Modified Lease are conditions precedent to completion of negotiations concerning the first floor of the Premises.

4. **Debtor and SMC respectfully request that a telephonic hearing on this Emergency Motion be scheduled for Friday, July 15, 2011 at 9:30 a.m. with a dial In Number for the telephonic hearing of 1 (800) 261- 3225, Conference Code No. 9103065547#.**

5. Contemporaneously with filing this Emergency Motion, counsel for Debtor is filing a Motion to Shorten Notice with respect to the Emergency Motion.

THEREFORE, FB&F Entertainment, LLC, Debtor herein, respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

                *KROGER, GARDIS & REGAS, LLP*
                *Prospective Counsel for*
                **FB & F Entertainment, LLC**

By: /s/Harley K. Means
    Harley K. Means, Atty. # 23068-32
    Prospective Counsel for Debtor,
    FB&F Entertainment, LLC
    111 Monument Circle, Suite 900
    Indianapolis, IN  46204-5125
    (317) 692-9000
    (317) 264-6832 fax
    hkm@kgrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System or via electronic mail. Parties may access this filing through the Court's system.

Joseph F. McGonigal
OFFICE OF UNITED STATES TRUSTEE
Email: joe.mcgonigal@usdoj.gov

Ben T. Caughey
ICE MILLER LLP
Counsel for SMC-Retail, LLC
E-mail: Ben.caughey@icemiller.com

William (Bill) S. Keown
KEOWN & KRATZ, LLC
Counsel for First Capital Bank
E-mail: bkeown@kwkmanagement.com

First Capital Bank
C/o Tony Holtzman
Executive VP
E-mail: tholtzman@1capbank.com

By: /s/Harley K. Means
Harley K. Means, Atty. # 23068-32
Prospective Counsel for Debtor,
FB&F Entertainment, LLC
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
(317) 692-9000
(317) 264-6832 fax
hkm@kgrlaw.com

6