## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered into as of the _____ day of July, 2011 by and between SMC-Retail, LLC ("SMC"), FB&F Entertainment, LLC ("FB&F"), Craig Kastle ("Kastle"), and Dave Wallace ("Wallace").  SMC, FB&F, Kastle, and Wallace may be collectively referred to as the "Parties."

### *Recitals*

SMC is the owner and landlord with respect to approximately 44,818 square feet of commercial space located at 141 S. Meridian Street, Indianapolis Indiana ("Premises").

FB&F is the tenant for the Premises.

SMC, as landlord, and FB&F, as tenant, are parties to a September 4, 1998 "Lease Agreement" as amended by a December 3, 1998 "Addendum," as amended by an April 5, 2000 "First Amendment to Lease Agreement," as amended by an April 16, 2002 "Amendment and Termination Agreement," as amended by a September 28, 2007 "Third Amendment to Lease," as amended by an October, 2008 "Fourth Amendment to Lease," as amended by a June 5, 2009 "Fifth Amendment to Lease and Assignment and Assumption" (collectively, the "Original Lease Agreement").

On March 21, 2011, SMC filed an "Amended Complaint and Request for Prejudgment Possession and Damages" styled, *SMC-Retail, LLC v. FB&F Entertainment, LLC and First Colorado National Bank d/b/a First Capital Bank,* under Cause No. 43D11-1102-PL-007076 in the Marion County Superior Court ("State Court Litigation").

On April 12, 2011, FB&F filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"), under Case No. 11-04382-BHL-11 ("Bankruptcy Action").

The Parties have, subject to approval by the Bankruptcy Court, agreed to resolve and settle the disputes by and between them on the terms and conditions set forth below.

Each of the Parties, individually, declares and represents that it is executing this Agreement wholly upon its own judgment (or corporate judgment), belief, and knowledge; that this Agreement is made without reliance upon any statement or representation of any party or person; that the individual signing this Agreement is duly authorized to sign this Agreement on its behalf, and further, that no promise, inducement, or agreement not herein expressed has been made to them; that this Agreement contains and is the entire agreement and understanding between the Parties hereto and any and all prior agreements between the Parties are merged herein; and that the terms of the Agreement are contractual and not a mere recital.

*Now, therefore,* in consideration of the premises and mutual covenants and promises contained herein, the Parties agree as follows:

1. On account of the amounts owed by FB&F to SMC, FB&F shall timely make the following payments to SMC:

   a. FB&F shall pay SMC $360,000 at the earlier of (1) the time of the first deposit by an entity contracting with FB&F for a Super Bowl event, or (2) October 31, 2011.

   b. FB&F shall pay SMC an additional $100,000 on or before December 1, 2011.

   c. FB&F shall pay SMC an additional $150,000 at the earlier of (1) the time of the second deposit by an entity contracting with FB&F for a Super Bowl event, or (2) February 15, 2012. If it is determined by an independent third party that the cost of continued repair for the second floor HVAC is not economically feasible (versus replacement) *and* if, at

the time FB&F seeks to replace the HVAC FB&F is not then in default under the Lease, then SMC shall pay an amount not to exceed $75,000 to replace the HVAC units. Such payment shall be a credit toward the $150,000 payment owed by FB&F to SMC. If the replacement occurs after all of the payments due SMC under this paragraph are made, then SMC shall reimburse FB&F up to the amount for which FB&F was to receive as a credit.

2. As of July 18, 2011 any currently due and unpaid water bill of Debtor shall have been paid.

3. Effective upon the entry of an Order of the Bankruptcy Court approving this Agreement, the Original Lease shall be assumed and modified (the "Modified Lease") in accordance with Exhibit 1 attached hereto pursuant to Section 365 of the Bankruptcy Code.

4. The payments and modifications agreed to by the Debtor shall be deemed by SMC to constitute adequate assurance of future performance and a cure of all existing pre-petition defaults.

5. Full and final possession of the 1st floor of the Premises shall be delivered by FB&F to SMC at the earlier of the following:  a) the time a new lease is entered into between SMC and a new tenant for the 1st floor or b) September 1, 2011. SMC shall have no liability to FB&F for any inventory, equipment, or other items left on the 1st floor of the Premises as of the time possession is given to SMC.

6. SMC shall, in the ordinary course and as soon as reasonably practicable, cause to be constructed a new entrance area which will allow for access by FB&F to the elevator and stairway. This new entrance area may be a shared common entrance with other tenants in the building.

7. FB&F, at its cost, shall waterproof the 2nd Floor of the Premises in all areas where water is present, including sinks and restrooms, in order to prevent water leakage and damage of the floors, ceilings and other areas of the Premises and the Building, in a manner reasonably acceptable to Landlord on or before the Rent Commencement Date, and shall provide satisfactory evidence to SMC of its completion of such waterproofing.

8. An "Agreed Order of Possession" shall be executed, in the form attached hereto as *Exhibit 2*, with regard to the State Court Litigation. The "Agreed Order of Possession" shall be filed only if the payments set forth in paragraph 1 are not timely made.

9. FB&F shall seek dismissal of the Bankruptcy Action upon the earlier of: (a) any default under this Agreement; (b) October 1, 2011, or (c) the consummation by FB&F of a binding agreement in principle for a Super Bowl event.

10. Kastle shall execute a "Guaranty" in the form attached hereto as *Exhibit 3*.

11. FB&F (on behalf of itself and on behalf of its Chapter 11 estate), Kastle, and Wallace hereby *release and discharge* SMC and its respective representatives, agents, assigns, and attorneys from any and all liability, claims, demands, controversies, damages, actions, and causes of action on account of any and all loss and damage of every kind and nature arising from any matters that were or could have been raised with regard to the Original Lease Agreement, including, but not limited to, any issues relating to HVAC at the Premises, any and all other matters, if any, arising from the relationship between the Parties prior to the effective date of this Agreement, and any claims under Section 5 of the Bankruptcy Code.

12. SMC hereby *releases and discharges* FB&F and its respective representatives, agents, assigns, and attorneys from any and all liability, claims, demands, controversies, damages, actions, and causes of action on account of any and all loss and damage of every kind and nature arising from any matters that were or could have been raised with regard to the

- 4 -

Original Lease Agreement, and any and all other matters, if any, arising from the relationship between the Parties prior to the effective date of this Agreement **EXCEPT** this release and discharge shall not apply to obligations of FB&F under this Agreement and under the Modified Lease.

13. The Parties agree and acknowledge that time is of the essence and this Agreement is subject to, and conditioned upon, the entry of an Order of the Bankruptcy Court on or before July 18, 2011 approving this Agreement, approving the modification and assumption of the Original Lease, approving the execution of the Modified Lease, and approving all other matters related to this Agreement.

14. While the Bankruptcy Action remains pending, the following events shall constitute an Event of Default under this Settlement Agreement entitling SMC to the rights and remedies set forth in paragraph 14 of this Settlement Agreement:

    (a) FB&F shall fail to timely make any payment identified in this Settlement Agreement; or

    (b) FB&F shall fail to timely make any payment required by the Modified Lease.

15. If an Event of Default shall occur while the Bankruptcy Action remains pending, SMC may file a "Notice of Default Under Settlement Agreement" with the Bankruptcy Court. Upon the filing of a Notice of Default by SMC, without further hearing or action of this Court, to the extent that it applies, the automatic stay of Section 362 of the Bankruptcy Code shall be lifted and SMC shall have the immediate right to proceed in the State Court Litigation and to enter the "Agreed Order of Possession" attached hereto as *Exhibit 2*. To the extent that paragraph 15 shall conflict with any provisions of the Modified Lease, including, but not limited to, any notice provisions, paragraph 15 shall control.

- 5 -

16. Nothing contained in this Settlement Agreement is intended to change the nature of the claims of SMC, and all obligations of FB&F under this Settlement Agreement shall be post-petition administrative expense obligations of FB&F and its estate. Further, the Parties agree and acknowledge that this Agreement is a post-petition agreement of the Debtor, and accordingly, the Agreement is not subject to assumption or rejection under the Bankruptcy Code.

17. This Agreement may be executed in multiple original counterparts, each of which shall be an original, but which shall together constitute one and the same agreement.

18. This Agreement shall be governed by and construed in accordance with Indiana law. Any action involving the enforcement or interpretation of this Agreement shall be placed in State or Federal Court located in Marion County, Indiana, and each Party consents to personal jurisdiction of said courts. In the event of future litigation relating to this Agreement or any provision thereof, the prevailing Party shall be entitled to recover its costs, expenses, and reasonable attorneys' fees incurred in the enforcement of this Agreement, including enforcing the Agreement as a defense.

In witness thereof, the Parties hereto have executed this Agreement as of the date first above written.

| SMC-RETAIL, LLC | FB&F ENTERTAINMENT, LLC |
|---|---|
| By _____ | By _____ |
| Its _____ | Its _____ |
| _____ | _____ |
| CRAIG KASTLE | DAVE WALLACE |

I/2632970.4